[Cite as *Cronos Properties, Ltd. v. Akron Dept. of Neighborhood Assistance*, 2025-Ohio-631.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

CRONOS PROPERTIES, LTD.

    Appellee

    v.

CITY OF AKRON DEPT. OF
NEIGHBORHOOD ASSISTANCE, et al.

    Appellants

C.A. No.     31190

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2023-11-4180

DECISION AND JOURNAL ENTRY

Dated: February 26, 2025

---

CARR, Judge.

**{¶1}** Appellants City of Akron Department of Neighborhood Assistance, the City of Akron Housing Appeals Board, and the Mayor of Akron (collectively "Akron") appeal the decision of the Summit County Court of Common Pleas remanding the administrative appeal to the City of Akron Housing Appeals Board for it to order the housing inspector to issue an order in compliance with Akron City Code 150.03(A). This Court reverses, and remands the matter for proceedings consistent with this decision.

I.

**{¶2}** Appellee Cronos Properties, Ltd. owns an 8-unit dwelling on Girard Street in Akron. In early June 2023, the City of Akron Department of Neighborhood Assistance received a complaint from one of the tenants concerning a mice infestation. The housing inspector conducted an inspection. She noticed a small amount of mouse debris in the cabinets and on the countertop. The housing inspector observed numerous gaps in the floor, steps, and trim. In addition, the

register vent was loose. When the heat was turned on, mice were heard scratching at the register vent. Bait boxes were located under the kitchen sink and outside the building. Rodent debris was also observed in common areas of the upstairs units and on the stairway. The housing inspector observed a gap at the siding at the front of the building, but she could not really see the foundation due to the way the siding comes down to the ground.

{¶3} The housing inspector spoke to the tenant again toward the end of June. The tenant reported there were still issues with mice. On July 14, 2023, the housing inspector conducted an additional inspection and spoke to two different tenants. The housing inspector observed a significant amount of rodent debris and saw a mouse run across the floor.

{¶4} On July 20, 2023, an order was issued requiring Cronos Properties, Ltd. to comply with the Akron Environmental Housing Code. The order stated:

> 1. Rodent[-]poof the premises where necessary. [Akron City Code] 150.10(A)(1)(3)
>
> 2. Eradicate rodents on premises – extermination to begin at once. [Akron City Code] 150.12(E).

{¶5} Cronos Properties, Ltd. appealed the order to the City of Akron Housing Appeals Board. The hearing was scheduled for September 19, 2023, but was continued until October 17, 2023, at Cronos Properties, Ltd.'s request.

{¶6} At the hearing, the president of Cronos Properties, Ltd. ("the President") provided testimony. He maintained that the order was not valid as the housing code did not require him to ensure there were no rodents on the property. The President believed that the premises was reasonably rodent-proof and noted that the services of a reputable pest control company had been ongoing. He offered evidence of a contract with the pest control company; however, that document listed another entity other than Cronos Properties, Ltd. The President maintained that the other

entity was the prior owner of the building. In sum, the President asserted that he complied with his obligations under the housing code.

{¶7} The housing inspector indicated that it was her belief that it was a severe infestation which had been going on for a very long time and that was not being adequately addressed by the current pest control methods. An individual from the housing compliance division stated that it was the division's position that it was unreasonable to expect people to live with rodents. Thus, if an owner was taking reasonable measures there would not be evidence of the presence of rodents upon inspection. That individual also noted that if a rodent infestation became too severe it could render the building unfit for human habitation. It was his belief that the building could be headed in that direction without appropriate measures being taken. At the end of the hearing, the City of Akron Board of Housing Appeals denied the appeal.

{¶8} Cronos Properties, Ltd. then filed an appeal to the court of common pleas. It alleged that the order was arbitrary, unreasonable, and unsupported by the preponderance of the reliable, probative, and substantial evidence. Cronos Properties, Ltd. also maintained in its notice of appeal that the original order was vague and failed to put Cronos Properties, Ltd. on notice as to the specific nature of the violations.

{¶9} After the record was filed, both sides filed briefs. Notably, neither Cronos Properties, Ltd.'s assignment of error nor its brief raised the issue of the alleged vagueness of the original order. Cronos Properties, Ltd. argued that the premises was reasonably rodent-proof and that it had taken appropriate measures to exterminate the mice. Thus, it was Cronos Properties, Ltd.'s position that it had complied with the two relevant provisions of the housing code that were cited in the order.

{¶10} The court of common pleas issued a decision in August 2024, stating that even though the order contained two citations to the housing code, it was not clear to the court that those were the sections Cronos Properties, Ltd. was accused of violating. The lower court noted that "this issue was not clearly addressed in the briefing." The lower court concluded that it could not "determine whether there [was] a preponderance of the substantial, reliable, and probative evidence supporting the housing inspector's findings (and ultimately, the Board of Housing Appeals' findings) without knowing what specific code section(s) Cronos [Properties, Ltd. was] accused of violating." The court of common pleas then ordered that the decision of the City of Akron Housing Appeals Board was unlawful because the letter and order failed to comply with Akron City Code 150.03(A). The court then remanded the matter to the City of Akron Housing Appeals Board for it to order the housing inspector to issue an order in compliance with Akron City Code 150.03(A).

{¶11} Akron has appealed the court of common pleas' decision, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT FOUND THAT THE AKRON HOUSING APPEALS BOARD'S ORDER AND THE UNDERLYING DEPARTMENT OF NEIGHBORHOOD ASSISTANCE ORDER DID NOT COMPLY WITH AKRON'S CODIFIED ORDINANCES, MERITING REVERSAL.

{¶12} Akron argues in its assignment of error that the trial court erred in basing its decision on an issue not raised by the parties, that the order from the City of Akron Department of Neighborhood Assistance was not vague, and the trial court ordered the City of Akron Housing

Appeals Board to take actions it was not authorized to take, i.e. commanding the housing inspector to issue a compliant order.

{¶13} R.C. 2506.01(A) states that:

Except as otherwise provided in sections 2506.05 to 2506.08 of the Revised Code, and except as modified by this section and sections 2506.02 to 2506.04 of the Revised Code, every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code.

{¶14} R.C. 2506.04 provides in turn that,

[i]f an appeal is taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code, the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.

{¶15} "[O]n appeal, an appellate court conducts a more limited review. The appellate court reviews the trial court's decision only on questions of law to determine whether the lower court abused its discretion in finding that the administrative order was [or was not] supported by reliable, probative, and substantial evidence." *Boice v. Ottawa Hills*, 2013-Ohio-4769, ¶ 7.

{¶16} In the court of common pleas, in its brief, Cronos Properties, Ltd. specifically challenged what was required by the two ordinances, Akron City Code 150.10(A)(1)(3) and 150.12(E), which it was alleged to have violated. It was Cronos Properties, Ltd.'s sole contention in its brief that it did not violate those two ordinances in light of the language in them and the testimony and evidence presented at the hearing. Cronos Properties, Ltd. made no argument that

it was unclear which ordinances it was charged with violating. Notably, this issue was also not raised at the hearing before the City of Akron Housing Appeals Board.

{¶17} To the extent that Cronos Properties, Ltd. believed that there was some question as to which ordinances were allegedly violated, it should have raised the issue at the administrative hearing. *See Freeman v. Ohio Elections Comm.*, 2024-Ohio-1223, ¶ 49 (10th Dist.) ("When a party fails to raise an issue they could have raised at the administrative level, the party has waived the issue."). In fact, it did not even raise the issue in its briefing to the court of common pleas. Instead, it argued that it did not violate the two ordinances listed in the order from the housing inspector and that was the argument to which Akron responded. Thus, it appears that both sides understood which ordinances were allegedly violated.

{¶18} Therefore, the trial court's responsibility was to determine whether, in light of the arguments made, the order or decision appealed was "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04.

{¶19} The lower court accordingly erred in basing its decision on an issue neither raised at the administrative hearing nor briefed by the parties in the court of common pleas. *See Ratchford v. Proprietors' Ins. Co.*, 47 Ohio St.3d 1, 4 (1989) ("Appellate courts review cases based upon records compiled in lower courts and upon issues raised in trial courts. . . . It is unfair on appeal, and inappropriate, to decide a case on an issue that a party, losing by the decision, has not had an opportunity to refute by introducing evidence or argument.").

{¶20} Akron's assignment of error is sustained to the extent discussed above, and the matter is remanded for the lower court to consider the issue raised in Cronos Properties, Ltd.'s brief in the lower court.

III.

**{¶21}** Akron's assignment of error is sustained as detailed supra. The judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

FLAGG LANZINGER, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

DEBORAH S. MATZ, Director of Law, and JOHN R. YORK and JACQUENETTE S. CORGAN, Assistant Directors of Law, for Appellants.

MICHAEL J. MCGEE, Attorney at Law, for Appellee.